UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAYME R.,

                Plaintiff,

v.                                                         8:21-CV-1002 (ML)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                                        OF COUNSEL:

SCHNEIDER & PALCSIK                         MARK A. SCHNEIDER, ESQ.
  Counsel for the Plaintiff
57 Court Street
Plattsburgh, New York 12901

SOCIAL SECURITY ADMINISTRATION       MOLLY CARTER, ESQ.
  Counsel for the Defendant                          Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

        Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on March 3, 2023, during a telephone conference conducted on

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 15) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 7, 2023
Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
J.R.
vs.                 8:21-CV-1002

COMMISSIONER OF SOCIAL SECURITY


_____



              Transcript of Decision and Order

                     March 3, 2023

                 via Teams Teleconference



         The HONORABLE MIROSLAV LOVRIC Presiding.



                    A P P E A R A N C E S

For Plaintiff:     Mark Schneider, Esq.

For Defendant:     Molly Carter, Esq.


                 Ruth I. Lynch, RPR, RMR, NYSRCR
                 Official United States Court Reporter
                    Binghamton, New York  13901
```

1          THE COURT:  And so the Court begins its reasoning,
2   analysis, and decision as follows:
3          Plaintiff here in this matter has commenced this
4   proceeding pursuant to 42 United States Code Section 405(g)
5   to challenge the adverse determination by the Commissioner
6   of Social Security finding that he was not disabled at the
7   relevant times and therefore ineligible for the benefits
8   that he sought.
9          By way of background, the Court begins as follows:
10  Plaintiff was born in 1981 and is currently 41 years of age.
11  He was 36 years old at the alleged onset of his disability
12  on October 1 of 2018.  The Court notes that the ALJ denied
13  Plaintiff's request to amend the alleged onset date to
14  February 25 of 2019.  Plaintiff has not challenged that
15  denial here on appeal.
16          At the time of his administrative hearing on
17  February 25th, 2021, Plaintiff lived with his wife and his
18  mother.  He had a 14-year-old son who did not reside with
19  Plaintiff.
20          Plaintiff stands approximately 5 feet 9 inches in
21  height and weighs approximately 195 pounds.
22          Plaintiff is a high school graduate who attended
23  regular education classes and also completed courses in
24  electrical installation and design.  Plaintiff's work
25  history included laborer positions in construction,

1   forestry, and manufacturing.
2            Procedurally the Court notes as follows, as far as
3   this case is concerned.  Plaintiff applied for Title II
4   benefits on December 16, 2019, alleging an onset date of
5   October 1, 2018.  In support of his claim for disability
6   benefits, Plaintiff claims disability based on type 1
7   diabetes, cirrhosis of the liver, depression, anxiety,
8   bipolar disorder, and also intermittent rage disorder.
9            Administrative Law Judge Asad M. Ba-Yunus
10  conducted a hearing on February 25th of 2021 to address
11  Plaintiff's application for benefits.  ALJ Ba-Yunus issued
12  an unfavorable decision on March 12th of 2021.  That
13  decision became the final determination of the Agency on
14  September 9th, 2021, when the Appeals Council denied
15  Plaintiff's request for review.
16           This action was commenced on September 10, 2021,
17  and it is therefore timely.
18           In his decision, ALJ Ba-Yunus first determined
19  that Plaintiff met the insured status requirements of the
20  Social Security Act through December 31, 2020, and then the
21  ALJ applied the familiar five-step test for determining
22  disability.
23           At step one, the ALJ concluded that Plaintiff had
24  not engaged in substantial gainful activity from his alleged
25  onset date of October 1, 2018, through the date of the last

insured.

At step two, ALJ Ba-Yunus concluded that Plaintiff had the following severe impairments through the date last insured, those impairments being attention deficit hyperactivity disorder, anxiety disorder, depression, substance abuse disorder in remission, diabetes, and liver cirrhosis.

At step three, ALJ Ba-Yunus concluded that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equalled the severity of one of the listed impairments in 20 CFR Sections 404.1520(d), also 404.1525, and 404.1526, and the ALJ focusing on listing 5.05 which deals with chronic liver disease, 12.04 which deals with depressive, bipolar, and related disorders, listing 12.06 which deals with anxiety and obsessive compulsive disorders, and listing 12.11 which deals with neurodevelopmental disorders.

The ALJ also considered whether Plaintiff's diabetes met or medically equalled a number of listings in accordance with Social Security Ruling (SSR) 14-2p.

Next, the ALJ determined that through the date last insured, Plaintiff had the residual functional capacity to perform less than the full range of light work. Specifically, Plaintiff, pursuant to the ALJ's decision, Plaintiff was limited to unskilled, simple, and routine

tasks, could tolerate occasional changes to a routine work setting, and could have occasional interaction with the general public. The ALJ based his RFC determination in part on the persuasive opinions of state agency consultants Dr. Putcha, Dr. Siddiqui, Dr. Walker, and Dr. Hennessey, as well as those portions of the partially persuasive opinions of Consultative Psychiatric Examiner Dr. Brett Hartman and Nurse Practitioner Sarah Howell supporting moderate physical and mental functional limitations. The ALJ rejected the opinion of Consultative Examiner Dr. Rita Figueroa that Plaintiff had no physical limitations as inconsistent with the broader medical record, but the ALJ considered Dr. Figueroa's objective examination findings as part of the RFC analysis.

At step four, the ALJ relied on the vocational expert testimony to determine that Plaintiff was capable of performing past relevant work as an assembler of electrical accessories as that job was generally performed. Again relying on the vocational expert testimony, the ALJ made the alternative finding that, considering Plaintiff's age, education, work experience, and residual functional capacity through the date last insured, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. More specifically, the vocational expert testified that Plaintiff

1  could have performed the requirements of representative
2  occupations such as small products assembler, housekeeping
3  cleaner, and routing clerk.  Accordingly, the ALJ found that
4  Plaintiff was not disabled from the alleged onset date
5  through the date last insured.
6           Turning now to the plaintiff's arguments in this
7  case.  Now, as the parties know, this Court's functional
8  role in this case is limited and extremely deferential.  The
9  Court must determine whether correct legal principles were
10 applied and whether the determination is supported by
11 substantial evidence, which is defined as such relevant
12 evidence as a reasonable mind would find sufficient to
13 support a conclusion.  As the Second Circuit noted in
14 *Brault V. Social Security Administration Commissioner,* found
15 at 683 F.3d 443, a 2012 case, and therein the Second Circuit
16 stated the standard is demanding, more so than the clearly
17 erroneous standard.  The Court in Brault noted that once
18 there is a finding of fact, that fact can be rejected only
19 if a reasonable fact-finder would have to conclude
20 otherwise.
21          Plaintiff in this case raises several arguments
22 and contentions.  First, Plaintiff argues that the ALJ erred
23 at step two by not finding Plaintiff's chronic pain syndrome
24 to be a severe impairment.  Plaintiff also argues that the
25 ALJ failed to properly evaluate the medical opinion

1   evidence.  Plaintiff also argues that the ALJ erred by
2   failing to find that Plaintiff met or medically equalled a
3   listed impairment.  And Plaintiff also argues that the ALJ
4   failed to adequately credit Plaintiff's testimony regarding
5   his functional limitations.
6           The Court begins its analysis and reasoning and
7   ultimate decision as follows:
8           First, this Court finds that the ALJ's step two
9   determination was, in fact, supported by substantial
10  evidence for the reasons set forth in Defendant's brief, and
11  the Court adds the following analysis.  Plaintiff did not
12  meet his burden of establishing that his diagnosed chronic
13  pain syndrome rose to the level of a severe impairment
14  because Plaintiff did not identify any record evidence
15  showing the impairment imposed significant physical or
16  mental functional limitations.  It is well established that
17  a mere diagnosis does not establish the severity of the
18  impairment.  Moreover, even if the ALJ had erred in
19  excluding chronic pain syndrome as a severe impairment, such
20  error would be harmless, as the ALJ's RFC analysis included
21  a thorough review of Plaintiff's physical and mental health
22  treatment history that he reasonably characterized as
23  "unremarkable" and "benign."  In particular, this Court
24  notes that multiple mental health progress reports indicate
25  that Plaintiff's chronic pain syndrome was "managed" with

1   his current treatment protocol.  See administrative
2   transcript at 681, 685, 689, and 888.
3           Next, similarly, for the reasons set forth in
4   Defendant's brief, the Court finds that substantial evidence
5   supports the ALJ's evaluation of the medical opinion
6   evidence addressing Plaintiff's physical and mental
7   impairments, and the Court adds the following analysis.
8   Plaintiff contends that the ALJ inappropriately rejected the
9   most restrictive portions of the relevant medical opinions,
10  namely psychiatric -- Psychiatric Consultative Examiner
11  Dr. Hartman's opinion that Plaintiff had moderate to marked
12  limitations with regard to using reason and judgment,
13  sustaining concentration, and regulating his emotions, and
14  also the treating Nurse Practitioner Sarah Howell's opinion
15  that Plaintiff had marked limitations in interacting with
16  others and adapting to the workplace.  In formulating
17  Plaintiff's RFC, the ALJ was not required to accept every
18  limitation in the various medical opinions, nor was the ALJ
19  required to craft an RFC mirroring a particular opinion.
20  Here, the ALJ reasonably evaluated the persuasiveness of the
21  various opinion evidence by comparing the opinions to the
22  longitudinal medical record and found no support for such
23  marked restrictions in the consultative examination results,
24  treatment notes, or Plaintiff's daily activities.
25          Because the ALJ's evaluation of the persuasiveness

of these medical opinions was supported by substantial evidence, this Court necessarily rejects Plaintiff's contention that the ALJ should have found that the restrictive limitations opined by Dr. Hartman and Nurse Practitioner Howell render Plaintiff per se disabled pursuant to listings 12.04, 12.06, 12.07, and 12.15.

Next, Plaintiff further contends that the ALJ mischaracterized the opinion of Licensed Medical Social Worker David Rasmussen, who provided counseling to Plaintiff. This argument does not present grounds for remand. LMSW Rasmussen's opinion is a one-paragraph narrative, narrative summary of Plaintiff's medical history but does not identify any particular mental or physical functional limitations. See transcript administrative record 862, at page 862, I should say. To the extent that the ALJ did not accurately describe Mr. Rasmussen's opinion that Plaintiff's mental impairments impacted his physical health and precluded any work at the current time, any error is harmless because such determination about the inability to work is reserved to the Commissioner. And the ALJ's decision otherwise demonstrates an appropriate evaluation of the record evidence addressing the combined effect of Plaintiff's mental and physical impairments.

Next, Plaintiff also contends that even if the ALJ had substantial evidence to support only moderate

limitations with regard to maintaining attention and concentration that these limitations are not adequately addressed in the RFC determination.  The Court rejects this argument, as it is well established that a limitation to unskilled light work consisting of unskilled and routine tasks with only occasional changes adequately addresses such limitations.  Defendant's brief includes a number of cases within the Second Circuit upholding such an approach.

Finally, Plaintiff contends that the ALJ failed to adequately credit Plaintiff's testimony regarding his mental health limitations.  Recognizing that a claimant's subjective description of his symptoms cannot alone establish disability and that a reviewing court must give great deference to the ALJ's assessment of hearing testimony, this Court finds that the ALJ marshalled substantial evidence to discount Plaintiff's testimony in the form of Plaintiff's daily activities, the medical opinion evidence, and the longitudinal treatment record showing improvement in Plaintiff's symptoms as he progressed with his medical treatment and sobriety.  Although Plaintiff highlights evidence that may support his position, as long as the ALJ's position is supported by substantial evidence, which in this case it is, this court must affirm the Commissioner's disability determination.

Therefore, as a result of this analysis and the

1   reasoning set forth herein, Plaintiff's motion for judgment
2   on the pleadings is denied.  Defendant's motion for judgment
3   on the pleadings is granted.  Plaintiff's complaint is
4   hereby dismissed.  And the Commissioner's decision denying
5   Plaintiff benefits is hereby affirmed.
6           This constitutes the decision and the reasoning
7   and analysis of the Court.
8                           - - - - -